**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KANDICE R. WALES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )  Case No. CIV-12-36-W |
| vs. | ) |
| | ) |
| **CAROLYN W. COLVIN,**[1] | ) |
| **Acting Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Kandice Wales (Plaintiff) brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for supplemental security income (SSI) under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record (Tr.) and the parties' briefs, the undersigned recommends that the Commissioner's decision be affirmed.

## I. ADMINISTRATIVE PROCEEDINGS

Plaintiff initiated these proceedings by filing an application seeking SSI in June 2006. [Tr. 187-190]. Following a hearing, Plaintiff's claim was denied by the Administrative Law Judge (ALJ) in July 2008. [Tr. 83-94]. The Appeals Council of the Social Security Administration vacated and remanded the ALJ's decision and following a second hearing,

---

[1] Effective February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

the ALJ found that Plaintiff is capable of performing her past relevant work as a secretary and is therefore not disabled. [Tr. 18-27]. The Appeals Council declined Plaintiff's review request, making the decision of the ALJ the final decision of the Commissioner. [Tr. 1-4]. Plaintiff has filed this action seeking review of the Commissioner's decision.

## II.  STANDARD OF REVIEW

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted).

## III.  DETERMINATION OF DISABILITY

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(b)-(f); *Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).

In relevant part, the ALJ determined that Plaintiff has "severe" chronic heart failure but retains the residual functional capacity (RFC) to perform a full range of sedentary work. [Tr. 20, 23-24]. With this finding, the ALJ determined that Plaintiff can perform her past relevant work as a secretary and is therefore not disabled. [Tr. 26].

**IV. PLAINTIFF'S CLAIMS OF ERROR**

Plaintiff's first two allegations center on the ALJ's step-two determination that Plaintiff does not have a severe mental impairment. Specifically, Plaintiff contends that: 1) the ALJ failed to adequately develop the record by providing the testifying medical expert (ME) with all of the medical evidence, and 2) the ALJ's finding that Plaintiff does not have a severe mental impairment is not supported by substantial evidence. Plaintiff's Brief, pp. 5-14 [Doc. No. 17]. Plaintiff also argues that the ALJ erred in failing to ask the ME about Plaintiff's mental RFC. *Id.*, pp. 14-15.

**V. ANALYSIS**

    **A. <u>Alleged Errors at Step-Two</u>**

At step two, the ALJ found that Plaintiff has severe chronic heart failure but does not have a severe mental impairment. [Tr. 20-23]. Plaintiff challenges the latter finding, alleging that it lacks substantial supporting evidence and is the result of the ALJ's failure to supply the ME with all of the medical evidence. Plaintiff's Brief, pp. 5-14. The undersigned finds no reversible error.

The ALJ found that Plaintiff has at least one severe impairment, and that "was all the ALJ was required to do in that regard." *Oldham v. Astrue*, 509 F.3d 1254, 1256-1257 (10th Cir. 2007). That is, "once an ALJ finds that a claimant has at least one severe impairment, [she] does not err in failing to designate other disorders as severe at step two, because at later steps the agency 'will consider the combined effect of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient

severity.'" *Barrett v. Astrue*, 340 Fed. Appx. 481, 484 (10th Cir. 2009) (citation and internal bracket omitted). Consequently, the undersigned "can easily dispose of" Plaintiff's step-two challenges, encompassed in her complaints regarding the ME's incomplete medical file and the alleged lack of substantial evidence. *Oldham*, 509 F.3d at 1256; *see also Brescia v. Astrue*, 287 Fed. Appx. 626, 629 (10th Cir. 2008) ("Once an ALJ has found that a claimant has at least one severe impairment, a failure to designate another disorder as 'severe' at step two does not constitute reversible error . . . ."); *Barrett*, 340 Fed. Appx. at 484 (rejecting plaintiff's claim that ALJ erred in failing to find a severe mental impairment at step-two because the ALJ found one severe physical impairment and that was "all the ALJ was required to do" at step two).

### B. The ALJ's Failure to Question the ME Regarding Plaintiff's Mental RFC

In her third allegation, Plaintiff complains that the ALJ did not ask the ME to testify regarding Plaintiff's mental RFC. Plaintiff's Brief, 14-15. The undersigned notes, however, that the ALJ relied on a Psychiatric Review Technique form, prepared by an agency medical consultant, which provided evidence of Plaintiff's mental RFC. [Tr. 21]. Plaintiff does not challenge that evidence, nor does she challenge the ALJ's overall RFC findings. Accordingly, the undersigned finds no grounds for reversal on this claim.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be affirmed. The parties are advised of their right to object to this Report and Recommendation by the 21st day of March, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 1st day of March, 2013.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE